## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tedra Sayre,**
**Claimant Below, Petitioner**

**v.)**    **No. 25-506**    (JCN: 2023015995)
(ICA No. 24-ICA-514)

**Toyota Motor Manufacturing WV, Inc.**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tedra Sayre appeals the June 6, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Sayre v. Toyota Motor Mfg. WV Inc.*, No. 24-ICA-514, 2025 WL 1607493 (W. Va. Ct. App. Jun. 6, 2025) (memorandum decision). Respondent Toyota Motor Manufacturing WV, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the December 2, 2024, order of the Workers' Compensation Board of Review, which affirmed the January 12, 2024, claim administrator's order denying the request to add left wrist De Quervain's tenosynovitis and left lateral epicondylitis as secondary conditions in the claim.[2]

On appeal, the claimant argues that the ICA and Board of Review were clearly wrong in finding that left wrist De Quervain's tenosynovitis and left lateral epicondylitis were not sustained in the course of and resulting from the claimant's employment as an assembly line worker for the employer. The claimant submits that on February 23, 2023, she experienced pain in her left arm and wrist following the compensable incident, and the symptoms have persisted ever since. Although electromyography ("EMG") studies were normal, the claimant contends that a normal EMG reading should not rule out De Quervain's tenosynovitis and epicondylitis as possible compensable diagnoses. The claimant argues that the Board of Review erroneously based its decision on normal EMG studies that primarily assess nerve function, which would not show the requested diagnoses unless there was a finding of nerve entrapment. Therefore, the claimant argues that the ICA should have reversed the Board of Review's decision for being clearly wrong.

The employer counters the arguments made by the claimant by stating that the analysis of the ICA and Board of Review was simply based on the evidence in the record. Essentially, the

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Tracey B. Eberling.

[2] The petitioner did not appeal the portion of the Board of Review's order which rejected left wrist pain as a secondary compensable condition.

1

EMG studies did not support the condition of lateral epicondylitis, and there was no evidence of a confirmed diagnosis of left wrist De Quervain's tenosynovitis. Moreover, the employer argues that there was no evidence showing that either diagnosis was causally related to the claimant's workplace injury. As such, the ICA's memorandum decision should be affirmed.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error regarding the issue on appeal and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: November 25, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison